[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The parties in the instant action were divorced on July 27, 1993. At that time, the court, Parker, J., retained jurisdiction to adjudicate any and all disputes between the parties regarding personal property which had been located at the marital residence, 25 Hoye Street, Terryville, Connecticut.
On January 14, 1994, plaintiff, now known an Cynthia Nyser, filed a motion for return of personal items pendente lite, seeking return of variously described items which she claimed were missing from the marital residence. Additionally, plaintiff seeks reimbursement for some items which she claimed were damaged when she retrieved them from the residence.
On January 31, 1994, the court held a hearing on plaintiff's motion, at which time both parties testified. Having heard the testimony of both parties, the court does not CT Page 1103 credit the defendant's testimony that he does not know where the missing items are located. The items which the plaintiff seeks to be returned have been in the defendant's possession since approximately September, 1992, when the plaintiff left the marital residence. Indeed, by agreement dated September 21, 1992, neither party was to remove any item of personal property from 25 Hoye Street. The court credits the plaintiff's testimony that the items were in the residence when she left and, therefore, the defendant is responsible for the items in his possession. Accordingly, the court orders as follows:
1. The defendant will allow the plaintiff to inspect all of the items which he removed from 25 Hoye Street, Terryville, Connecticut, either at the place of storage of at some other mutually agreeable location. The plaintiff shall make the inspection accompanied by either her attorney or a deputy sheriff, an the plaintiff's expense. Said inspection shall be completed within two weeks from the date of this order.
2. Defendant will allow plaintiff to use the negatives of all the pictures of their children and return the Christmas manger and figurine, a rechargeable flashlight in working condition, as he agreed to do at the January 31, 1994 hearing, all within two weeks from the date of this order.
3. With respect the following items, the court credits the plaintiff's testimony that she left them in the care and custody of the defendant at the 25 Hoye Street address. The court does not credit the defendant's testimony that he does not know where these items are presently located. Therefore, the defendant is ordered to return the items to plaintiff within two weeks from the date of this order or pay the plaintiff the amounts listed in parenthesis within 30 days of the date of this order:
 1. High School Year Book and photo albums ($150.00).
2. Record albums and tapes ($50.00).
3. Hand mixer and crock pot ($15.00).
4. Dome gazebo ($80.00). CT Page 1104
 5. Wooden heart with a center window and curtains ($10.00).
6. Black foot trunk ($15.00).
7. Glass top ($50.00).
8. Electric Typewriter ($50.00).
9. Brown manual typewriter ($25.00).
 10. White wicker picture frame, table and two tier shelf ($25.00).
11. Overhead tarp ($25.00).
12. Tackle box ($15.00).
13. Yellow rain slicker ($20.00).
4. With respect to the following items, the defendant admits to having them in his possession but states that he wishes to keep them. The defendant may select to keep the following items and pay the defendant the amounts listed in parenthesis, within 30 days from the date of this order, or return the items to plaintiff, within one week from the date of this order:
 1. China hutch, dining table, chairs and heirlooms ($150.00).
2. Microwave oven ($100.00).
3. Blue and white foldout couch ($75.00).
4. Gas grill with tank ($50.00).
5. Washer ($250.00).
6. Two seascapes from living room ($50.00).
7. Four slice toaster ($25.00).
8. Blue tiffany lamp from kitchen ($125.00). CT Page 1105
5. The defendant is hereby ordered to return the dryer to the plaintiff, within one week from the date of this order.
IT IS SO ORDERED.
Dated at Hartford, Connecticut this 7th day of February, 1994.
By The Court,
Espinosa, J.